Case number 23-1603 from the District of Northern Iowa, United States v. Christian Topete Mr. Hanson May it please the court. You get to wrap up our short week of full of long cases. Yes, absolutely. May it please the court, Mr. Timmons. Christian Carrillo Topete was convicted of possession of child pornography under section 2252 large A of title 18, chapter 110 of the U.S. Code. Chapter 110 contains sentencing enhancement provisions that apply as relevant here if an offender has a prior state conviction relating to certain specified matters. In this case, the district court concluded that Mr. Carrillo Topete had a prior state conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct of a minor or ward. That being Mr. Carrillo Topete's Iowa conviction for assault with intent to commit sexual abuse. As a consequence, the district court concluded that Mr. Carrillo Topete was subject to the 10-year mandatory minimum. In making that finding, however, the district court recognized it was a complex and difficult issue. And in fact, it announced an alternative sentence that would apply, a lesser sentence, if the mandatory minimum doesn't apply. The district court erred. Mr. Carrillo Topete should be resentenced. Now, chapter 110, and again the language we're considering here today, is related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct toward a minor or ward. Chapter 110 does not define those terms. However, a near neighboring chapter, chapter 109A, does. And in fact, it does so in consecutive sections of chapter 109A, sections 2241 through 2243. I don't think this is a contested point, but if the court finds that the chapter 109A definitions apply to chapter 110, then Mr. Carrillo Topete was convicted of a state offense that is broader than sections 2241 or 2243. What do you do about Sonnenberg? I read Sonnenberg as saying, under almost identical circumstances, well, no, we give it its common and ordinary meaning, number one. And number two, it's pretty express about not importing that language. Yes, your honor. So Sonnenberg came before my best case, the Supreme Court's case in Lockhart. Lockhart dealt with a different interpretive issue in relation to the chapter 110 sentencing enhancements. And in particular, whether of a minor or ward applies just to that third item in the list, or to all three items. And of course, the Supreme Court held it just applies to the third. And although Lockhart did not endeavor to give a definition to the chapter 110 terms, it did look to chapter 109A to confirm its interpretation. That that last clause did not apply to each of the three crimes, because that's not the way it's written in chapter 109A. And Lockhart said, it just can't be a coincidence that chapter 109A uses these very specific terms for these crimes in sections 2241 through 2243. We have a chapter that deals with similar conduct, uses the same terms in the same order. That's at least an interpretive tool that the court can use in deciding how to interpret. So is the argument then Sonnenberg is no longer good law because it's not conflicting with, but it's in tension with the Lockhart case. It's in tension with Lockhart, yes. But I also have to deal with Krebs, which came out after Lockhart and really only addressed it in half of a paragraph or three sentences. And sees in the portion of Lockhart that says, well, the Supreme Court wasn't trying to define those crimes as it applies to chapter 110. And with respect to the Krebs decision, I don't think that engages with Lockhart enough. And for the reasons elucidated by Judge Martin and her concurrence in the 11th Circuit's case of Johnson, which I cited in the brief. Really think Lockhart tells us that chapter 109A is the source of the definitions for chapter 110. And that's- What about relate to? Even if you get past that barrier, it seems to me that language here is broad. It must be related to whatever the categorical definitions of those crimes are. So let's just take for the sake of argument that you do look at the federal definitions. So we'll say Lockhart overrules Sonnenberg. We'll assume that. It must only relate. And it's hard for me to figure out how the exact, let's see, it's intent, what is it? Assault with intent to commit sexual abuse is not related, related to. Not identical to, related to sexual abuse. So I think that's my window for asking the court to revisit Sonnenberg and Krebs. Even though Krebs predates Lockhart. And that's the Mullooly case from the Supreme Court, which in fact predates Krebs. But this court has never had the- What case again? Mullooly. An immigration case. Yes, an immigration case. And this court has never had the opportunity to consider the impact of the Supreme Court's interpretation of relating to, in a different provision, an immigration provision, in Mullooly in this chapter 110 context. In fact, Judge Loken, you were on the panel for the Christian Hansen case from 2019. It's 944F3, 718, where the court noted that this is a potential issue. Because there's some tension between this court's previous cases saying relating to has broad meaning. So chapter 109A is not relevant. It doesn't have to be a complete overlap. And what the Supreme Court said in Mullooly, but in the Hansen case, the court didn't need to reach the question because it didn't affect the defendant's sentence. So Mullooly interprets the INA and specifically the provision that says an alien is deportable if they have a prior conviction relating to a controlled substance as defined in Title 21, Section 802. And there, the government made the argument that even if the alien's conviction doesn't involve a federally controlled substance, it's still relating to if it's some controlled substance. Because relating to is broad language. But the Supreme Court said no. It acknowledged that relating to does, in some context, have a broadening effect. But you have to consider the context. And in Mullooly, the context was it says a controlled substance as defined in Title 21, 802. So that tells us even though it says relating to, it really needs to be a federally controlled substance. My view here, going back to Lockhart, is in the same way, although there's not a parenthetical in the Chapter 110 sentencing enhancements to Chapter 109a, it's using those terms as kind of terms of art. Aggravated sexual abuse generally means Section 2241. Sexual abuse means 2242. Abuse of sexual conduct to a minor ward is 2243. So the context in which relating to appears in Chapter 110 isn't as broadening as this court's previous cases have said. I think Mullooly stands in strong support for that. What work is relating to doing there then? If it's not as broad as sort of the gut feeling, it might be some context. If it's narrowed by Mullooly, what do we do with it? It's there. It doesn't say a crime that is equivalent to, for example. Right. I think there are two answers. One, clearly sections 2241 through 2243 require a federal jurisdictional hook. So a defendant wouldn't be able to argue that, well, my state crime isn't relating to because, for example, I didn't abuse a federal prisoner. So it has a broadening effect there. But also context being important, I think it's important to understand that Section 2241, aggravated sexual abuse, it defines one crime. But it defines a crime that can be committed in a lot of different ways. So when Chapter 110 refers back to Section 2241, it's referring back to aggravated sexual abuse that's aggravated sexual abuse because it involved a minor of a certain age or because it involved a force or threat. So it's still, I guess the broader point is it's still, even if you give relating to aggravated sexual abuse and so on, the meaning that I'm arguing for, it's still defining a very broad set of state crimes that would be related to the Chapter 109A offenses. This, I have to tell you how I have been viewing, I think I view this, which makes all of this tweaking of these cases almost irrelevant. It seems to me that this is another understandable attempt to get help from Mathis. And in Mathis, the court was construing a specific statute, the ACCA, which used words like is, and not a statute that used words like related to, relating to. And so it seems to me all of Mathis' argument is a start over. And I don't see any reason, I don't see where Mathis in any way weakens the need to look at relates to in its plain meaning. This, and you know, broadening the context or so forth, that's the context for me. And so therefore, it becomes for me, looking at it from that standpoint, an almost unrecognizable categorical approach if your whole world is built around Mathis. I agree, I think, with the point that Mathis isn't the most relevant case to this particular case. I think Malouli is, because of the difference between is and relating to. But what I'd say is, I don't, if relating to doesn't mean what I say, I don't know what relating to means. And this goes to a point from Malouli. What is related to aggravated sexual abuse if it's not in some form or fashion aggravated sexual abuse? Would indecent exposure be related to? Because in some cases it's a precursor to a sexual abuse crime. And Malouli. The district court didn't have to go to Malouli or anything else. It could look at this state offense as relating to. And I guess that's. And you know, in a plain meaning sort of way. To the extent these kinds of words have plain meaning, they have at least commonly understood meanings. But you work it through not with all of this typical ACCA analysis that we've been doing way too long. And I think that, I think Malouli and the other immigration case that preceded it. Were a recognition of a different environment because it's different statutes. Right. And so I don't see where Malouli helps you on the question of whether we have to look at. We have to adopt. We have to read 109A into 110. Ma'am respond briefly. That's why I'm raising this. Sure. I think it's both Lockhart and Malouli that gets to my point. And I would just note this as the Christian Hansen case from this court recognized. This is an issue that's troubling the circuits. And I just note that since the briefing, the Seventh Circuit has taken it up on Bonk in the Leistman case. That's L-I-E-S-T-M-A-N, case number 21-3225. No decision yet. But just evidence that if relating to doesn't have a precise meaning, I don't think district courts are in a good position to figure it out. What did the panel decide in that Leistman case? Was it in accordance with your argument or was it the exact opposite? Well, I think this is good evidence of the confusion. It went straight to on Bonk. They didn't even do a panel. Oh, initial on Bonk. Got it. Yep. If there's nothing further, I will sit down. Thank you.  Mr. Timmons. Thank you, Your Honor. May it please the court, Mr. Hansen, Ron Timmons, Assistant U.S. Attorney with the Northern District of Iowa, on behalf of the government. For the reasons explained in the government's brief, this court should affirm the district court's ruling. The defendant's prior conviction for assault with intent to commit sexual abuse was properly deemed to be relating to the possession of child pornography. Under 18 U.S.C. 2252a.b.2, the defendant's penalty for possessing child pornography was enhanced because he has a prior conviction under the laws of the state of Iowa that are relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. There are differences between the statutes at issue, but the defendant's conviction under Iowa law for assault with intent to commit sexual abuse still relates to those federal statutes. In arguing that the district court erroneously came to this conclusion, the defendant asked this court to revisit Weiss. Weiss held that the defendant's prior conviction qualified as a penalty enhancement, where this court stated the phrase relating to carries a broad, ordinary meaning, i.e., to stand in some relation to, to have bearing or concern, to pertain, refer, to bring into association with, and the prior conviction required intent to commit sex abuse. And that was quoted in Maycock. That was also quoted in... Even more recently. Even more recently. More recent than Krebs. More recent than Krebs. Weiss, unfortunately, did look at some of the facts underlying the conviction, but since then, both pre- and post-Mathis, this court has interpreted that language using the categorical approach and found that relating to is broad. How broad is it? It's not exact. I mean, how do we apply it? You know, it's one thing to say it's broader than the elements of these particular offenses, but it's another thing to sort of get the outer edges of what that includes. And that's one of the questions I have, is what guidance are we giving? Let's say relating to is broader than the categorical approach. What would you... How would this write? I would point the court to Sonnenberg to start with, then Krebs, and then Maycock for guidance. Under those decisions, the courts... The main question doesn't become whether or not those statutes are exact, but whether, and this is in Maycock, whether the full range of conduct proscribed under the statute, in this case it'll be 709, Iowa Code 709-11, relates to the possession of child pornography. Well, then we're back to relates to. So we've defined relates to by saying it relates to. And I don't mean... I'm not trying to give you a hard time. I think I'm trying to say how this is a hard issue, to just keep defining it as relate to. And I'm just curious whether the government has any ideas on parameters for that. I don't believe I have a suggested parameter in mind. Well, I would just insert that Maycock, the panel expressly says, we employ a categorical approach. So this is not throwing out the notion of categorical approach. I think only the Supreme Court could do that. Absolutely. But what does a categorical approach mean when the statute you were applying says relates to? It means that... And that was answered in Maycock. Your Honor, in Maycock, they cited the Sonnenberg rejecting the defendant's argument that the statutes needed to be exactly the same. That was a possession of child pornography case, perhaps receipt, but it was not a sexual abuse case as this case is. And they declared that the Mathis discussions are in opposite. To section 2252. And noted the difference between is and the ACCA, and then we're back to relating to as it is in these penalty statutes. What about indecent exposure? It's related to because oftentimes indecent exposures can lead to sexual abuse, I suppose. So maybe it's related to, but he's saying that's going way too far. And it can't be indecent exposure, but from the plain language, it appears that it is. I would argue from the plain language, it would appear that it is. I'm not recently up to speed on the elements of indecent exposure, but there's usually some improper sexual component involved in indecent exposure. And in that sense, once you cross into that realm, you're relating to the underlying terms. So I guess then it has to be something sexual, something purient, or something like that, because I would assume that you would not say that choplifting is related to sexual abuse. Correct, Your Honor. And that's where we go back to Sonnenberg, and we use the common ordinary meaning of the terms aggravated sexual abuse, sexual abuse, and sexual conduct involving a minor reward. It strikes me that in the legal and judicial world, when we get this kind of question that we can send to a jury, we gladly do it. But when it's a question of law, and Congress hasn't given us any better guidance than this, we just have to do it. And then we're reviewed under some standard of either abuse of discretion or plain error or de novo by whoever grades our papers. Then it gets to the Supreme Court, and nobody grades their papers, so they just tell us what the law is. I think it's, well, we talk about this a lot in our discussions. I will grant that it is. It's just a murky part of our job description. Murky is a good way to describe it. It is frequently difficult to grapple with. I feel that pain. But in this instance, with Sonnenberg and its progeny, I think if you look at the ordinary meaning of the terms aggravated abuse, sexual abuse, or abuse of sexual conduct involving a minor reward, and this court's specific and consistent interpretation of relating to, as it relates to 2252 AB2 and similar penalty clauses, Mr. Carrillo-Tepete's Iowa conviction for assault with intent to commit sex abuse qualifies him for the enhancement. By the terms of that statute, 70911, no matter what type of assault he committed, he had to have had the intent to commit sexual abuse. You know, not to provide further commentary, but what this reminds me of is Potter Stewart's sort of old adage, which is we know it when we see it. On obscenity, it's the same kind of thing. Does it relate to? Well, it kind of is in the same hemisphere, and so it must relate to. Yeah. Thank you very much. If there are no further questions, your honors. Thank you. Government will rest. Thank you. Mr. Hanson, I think the table is set, but you can have the last word if you'd like for a minute. I will just very briefly note that district courts are in need of guidance for the very reasons were apparent in both my argument and Mr. Timmons' argument. Relating to Maycock, for example, it doesn't say what relating to means, and then what does it mean for it to be of a sexual nature? Is an assault, because all sexual abuse is an assault, is an assault relating to? So this case does give the court some opportunity to give district courts some guidance, and maybe that guidance has to come through on bonk review, but it's needed. It's going to be a issue that keeps coming up to this court. Otherwise, in this case, again, because the Iowa offense encompasses a much broader set of conduct, as evidenced by the fact it wasn't even a felony, it's not relating to as required for the enhancement. Thank you. Thank you, counsel. The argument was helpful, and it was nicely done. The table is set. All we can do is take it under advisement and do the best we can. Does that complete the morning's?